FILED
SUPERIOR COURT
OF GUAM

2025 NOV -7 AM 9: 20

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| OFFICE OF THE ATTORNEY GENERAL,<br><br>Petitioner,<br><br>vs.<br><br>THE GUAM CIVIL SERVICE COMMISSION,<br><br>Respondent,<br><br>vs.<br><br>BRYAN J. CRUZ,<br><br>Real Party in Interest. | Special Proceedings Case No. <u>SP0055-25</u><br><br><br>**DECISION AND ORDER DENYING MOTION TO DISQUALIFY COUNSEL** |

Petitioner Office of the Attorney General (OAG) moves to disqualify the Law Office of Jacqueline Taitano Terlaje (LOJTT) and its associate, Attorney Kristine Borja, from representing Real Party in Interest Bryan J. Cruz. The OAG claims that Guam law and the Guam Rules of Professional Conduct bar Borja, and consequently her employer, LOJTT. Upon review of the parties' arguments, the Court determines that Attorney Borja is not presently precluded from representing Cruz, and therefore, neither is LOJTT.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

The OAG employed Borja from January 2022 until August 23, 2024. Opp'n Memo., Ex. A ¶¶ 5-6 (July 31, 2025). She worked in the Child Support Enforcement Division in her first year of employment there, and thereafter, in the General Crimes Division. *Id.* ¶¶ 6-9. She did not serve in any managerial role. *Id.*, ¶¶ 10-12.

ORIGINAL

The OAG initiated an adverse action against Cruz during the same time as Borja's employment. The adverse action alleged that Cruz, a criminal investigator, leaked an email outside of the OAG. *See* Mot. Disqualify Counsel at 2 (July 2, 2025). Borja had no role in investigating the allegations involving Cruz, did not advise the OAG on its investigation, and did not participate in the adverse action or discipline of Cruz. Opp'n Memo., Ex. A at ¶¶ 10-12.

Cruz retained LOJTT to represent him before the Civil Service Commission (CSC) and in this and other proceedings. *See* Mot. Disqualify Counsel at 3, n.2. Borja appeared on Cruz's behalf at a September 25, 2024 meeting in which the OAG served Cruz with a final adverse action. *Id.* ¶ 12. Also, according to Attorney Jacqueline Terlaje, Borja appeared on behalf of Cruz in a CSC hearing. Hr'g at 9:57:55 (Aug. 26, 2025).

The CSC nullified the OAG's personnel action against Cruz and ordered his immediate reinstatement. Submission Vol. IV at AG490-93 (Oct. 29, 2025). The CSC also denied the OAG's motion to disqualify LOJTT in the proceedings before it. *Id.* at AG491.

Following the CSC's decision, the OAG petitioned the Superior Court of Guam for a Writ of Judicial Review. LOJTT continues to represent Cruz in these proceedings, and the OAG now moves to disqualify the firm and its attorneys.

## II.   LAW AND DISCUSSION

The OAG claims that 4 GCA § 15210 and Guam Rules of Professional Conduct 1.9, 1.10, and 1.11 require the disqualification of LOJTT and its attorneys, based on Borja's prior employment with the OAG.

### A. Section 15210 prevented Borja from representing Cruz for 12 months following her employment with the OAG.

Section 15210(b), contained within Guam law provisions governing the standards of conduct for Government of Guam employees, imposes conditions on what a government


ORIGINAL

employee may do after leaving their employment. The provision states:

> No former employee shall, within twelve (12) months after termination
> from employment, assist any person or business, or act in a representative
> capacity for a fee or other consideration, on matters involving official
> action by the particular territorial agency with which the employee had
> actually served.

The parties dispute whether this statute prevents Borja from representing Cruz. LOJTT contends that section 15210 bars Borja only from work in which she was actually involved; the OAG argues the law has broader coverage.

The Court starts its analysis with the statute's plain meaning, which it must liberally construe "to promote the highest standards of ethical conduct." 4 GCA § 15100; *Barrett-Anderson v. Camacho*, 2015 Guam 20 ¶ 23. On its face, the phrase "with which the employee had actually served" only makes sense as a qualifier of the phrase "by the particular territorial agency." To the contrary, it does not make sense if the phrase was construed to state, as LOJTT suggests, that an employee may not assist a person "on matters involving official action" "with which the employee had actually served."

Even if not reading phrase by phrase, however, the Court reaches the same conclusion about the meaning of section 15210 when considering its implications liberally. To promote the highest standards of ethical conduct, the construction of section 15210 that ensures the greatest level of ethical conduct requires that a former government employee shall not take action on matters involving official action against "the particular territorial agency with which the employee had actually served."

Moreover, contrary to what Borja proposes, the employee need not have worked on the action at issue in a *substantial* capacity to violate this law; the law gives no varying degree of substantiveness. Instead, the employee need only have worked in the organization. Applied



here, because Borja worked in the OAG, section 15210 barred her from assisting Cruz relative to official actions taken by that agency for the year following her separation from employment.

Setting aside the applicability of section 15210, LOJTT argues that this 12-month period has passed as of August 23, 2025, making the issue moot. The OAG counters that the statutory argument is not moot because the actions of Borja began within the twelve-month time frame required by the Guam Code Annotated. An issue becomes moot when the issue is no longer live. *Sananap v. Cyfred, Ltd.*, 2011 Guam 22 ¶ 5.

Again turning to the plain language, section 15210 contains a one-year time limit as to what work a former government employee may perform relative to the government after separation. There are no further limitations on what an employee can do beyond the 12 months. Because Borja has now been separated from the OAG for over a year, section 15210 no longer bars her from representing Cruz. For that reason, this issue is now moot.

**B. The Guam Rules of Professional Conduct do not prevent Borja or LOJTT from representing Cruz.**

The Guam Rules of Professional Conduct state that:

> [a] lawyer who, has formerly represented a client in a matter shall not thereafter represent another person *in the same or a substantially related matter* in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Guam R. Prof'l Conduct 1.9(a) (emphasis added). The Rules also preclude an entire firm from representing a client if one lawyer in the firm is prevented from representing the client. GRPC 1.10. In addition, government employees have a special duty to not reveal information gained during employment and "shall not otherwise represent a client in connection with a matter in which the lawyer participated *personally and substantially* as a public officer or employee,


ORIGINAL

unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation." GRPC 1.11 (emphasis added).

The Guam Rules of Professional Conduct do not disqualify Borja because she did not personally and substantially participate in the adverse action against Cruz while working as an assistant attorney general. While she may have worked with Cruz, she was not his manager and not involved in the adverse action, nor gave legal advice to the OAG about the adverse action. Thus, the Court finds that Borja did not have a personal and substantial participation in Cruz's employment issues. This means that the Rules of Professional Conduct do not disqualify Borja, and in turn, LOJTT are not disqualified.

## III.   CONCLUSION

The Court DENIES the motion to disqualify Attorney Borja and LOJTT. The twelve-month prohibition in section 15210(b) has passed, and the attorneys are not otherwise disqualified under the Guam Rules of Professional Conduct.

**SO ORDERED** this 7 November 2025.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**


Appearing Parties:
N. Lee Miller, Jr., Deputy AG & William B. Pole, Esq., Office of the Attorney General, for
    Petitioner Office of the Attorney General
Jacqueline Taitano Terlaje, Esq., Law Office of Jacqueline Taitano Terlaje, P.C., for Real Party
    in Interest, Bryan J. Cruz
Fred Nishihira, Esq., for Respondent, Guam Civil Service Commission,

